**Ervin Hermann ALBRECHT, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41070.**

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

Fred H. Dailey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The appellant, upon his plea of guilty before the court after the waiver of a trial by jury was found guilty of misdemeanor theft, and his punishment was assessed at a fine of one dollar and forty days in jail.

The overruling of appellant's first motion for a continuance is relied on as a ground for reversal.

The motion alleges that appellant had not had time to examine any written statements that Mary Pennington may have given to the officers, that he understood that she had been given immunity from prosecution, and unless he is able to take her deposition he could not properly prepare his defense and irreparable damage would occur to him.

The motion was overruled on June 7, 1967, the day the trial was had. No application to take the deposition of Mary Pennington or for a subpoena for her is shown in the record, and no facts are alleged which he expects to prove by her. The motion fails to allege that it was not made for delay.

■ In light of the record, the trial court did not abuse its discretion in overruling the motion for continuance.

Other grounds of error urged by the appellant are that the trial court accepted his plea of guilty without determining that it was voluntary, and knowingly and intelligently made and entered; and also without evidence to support said plea.

■ In a misdemeanor case, a plea of guilty may be accepted without evidence being introduced that it was voluntarily made, and with or without the introduction of any evidence showing the commission of the offense. Art. 27.14, Vernon's Ann. C.C.P.; Carter v. State, Tex.Cr.App., 400 S.W.2d 57; Foster v. State, Tex.Cr.App., 422 S.W.2d 447.

No evidence appears in the record to suggest that appellant's plea of guilty was involuntary.

The record reveals that the appellant was represented by counsel at the trial and on appeal. The record also reveals that he was arraigned and in open court plead guilty to the offense charged in the information.

The judgment is affirmed.