Robert BUCHANAN, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 45136.

Court of Criminal Appeals of Texas.

April 12, 1972.

Rehearing Denied June 7, 1972.

Clayton & Clayton, by Bob D. Slough, Amarillo, for appellant.

Naomi Harney, County Atty., and Robert H. Sparks, Asst. County Atty., Amarillo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated assault by a male upon a female. Appellant plead guilty before the court and his punishment was assessed at confinement in the county jail for six months.

■ Appellant asserts seven grounds of error. In his first ground of error, he contends that the statute under which he was convicted [Art. 1147(9), Vernon's Ann.P.C.] is unconstitutional. He contends that since the statute makes any assault or battery committed by an adult male upon an adult female an aggravated assault, but makes an assault by an adult female upon another adult female an aggravated assault only when committed under circumstances otherwise constituting an aggravated assault, that the act is unconstitutional as violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution. He maintains that since conduct by an adult male is punished more severely than is the same conduct by a female, the statute unreasonably discriminates against men.[1]

At the time appellant was convicted, Article 1147(9), V.A.P.C. provided:

"An assault or battery becomes aggravated when committed under any of the following circumstances: . . .

"(9) When committed by an adult male upon the person of a female or child or by an adult female upon the person of a child." [2]

There is no question that an adult male who commits an assault or battery upon an adult female is treated differently under the statute than is an adult female who commits the same act, assuming that no other circumstances are present which would make the offense an aggravated assault. However, the issue in this case is whether the difference in treatment is constitutionally impermissible.

■ In the case of McDonald v. Board of Election Com'rs of Chicago, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969), the United States Supreme Court stated:

"Though the wide leeway allowed the States by the Fourteenth Amendment to enact legislation that appears to affect similarly situated people differently, and the presumption of statutory validity that adheres thereto, admit of no settled for-

---

1. The punishment for simple assault or for assault and battery is by a fine of not less than $5 nor more than $200. Art. 1145, V.A.P.C. (Supp.1971).

The punishment for aggravated assault is by a fine of not less than $25 nor more than $1,000, or by imprisonment for not less than one month nor more than two years, or by both. Art. 1148, V.A.P.C.

Assaults and batteries generally are covered by Articles 1138–1145, V.A.P.C.

2. Art. 1147(9) has been amended to read: "(9) When committed by an adult male upon the person of a female." Acts 1971, 62nd Leg., p. 2809, ch. 911, § 2, eff. Aug. 30, 1971. The portion of Art. 1147(9) concerning assaults upon children is now covered by Art. 1148a, V.A.P.C. (Supp.1971).

mula, some basic guidelines have been firmly fixed. The distinctions drawn by a challenged statute must bear some rational relationship to a legitimate state end and will be set aside as violative of the Equal Protection Clause only if based on reasons totally unrelated to the pursuit of that goal. Legislatures are presumed to have acted constitutionally even if source materials normally resorted to for ascertaining their grounds for action are otherwise silent, and their statutory classifications will be set aside only if no grounds can be conceived to justify them." 394 U.S. 808, 89 S.Ct. 1408.

It is also well settled that the Fourteenth Amendment does not prohibit the states from treating different classes of persons in different ways. e. g., Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). The only requirement is that the classification must be on the basis of criteria related to the objective of the statute in furthering a legitimate state interest. Reed v. Reed, supra; F. S. Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

In the instant case, we have no difficulty in perceiving a rational basis for the different treatment afforded to adult males in the case of assaults or batteries committed upon adult females. An examination of the various sections of Art. 1147, V.A.P.C., clearly indicates that one of its objectives is to prevent, by means of greater punishment, assaults or batteries of a type likely to cause serious bodily injury. This objective is evidenced by Section (6), which makes an assault or battery aggravated "when a serious bodily injury is inflicted upon the person assaulted," by Section (7), which makes an assault aggravated when committed with deadly weapons and by Section (8), which makes an assault aggravated "when committed with premeditated

design, and by the use of means calculated to inflict great bodily injury." In furtherance of this objective, Art. 1147(4) makes an assault aggravated "when committed by a person of robust health upon one who is aged or decrepit." Also, prior to amendment,[3] Section 9 also defined any assault upon a child, by either an adult male or female, as an aggravated assault. All of these sections indicate a goal of preventing serious bodily injury. We feel that the part of Section 9 making an assault by a male upon a female an aggravated assault is directed toward the achieving of the aforementioned objective.

It is a matter of common knowledge, and a proper subject for judicial notice, that women, as a general rule, are of smaller physical stature and strength than are men.[4] Likewise, it follows that an assault or battery by an adult male upon an adult female is more likely to cause serious injury than is an assault by a female upon another female. Therefore, we cannot conclude that Section 9 is arbitrary, or that it is unrelated to the pursuit of the objective of the statute as a whole.

This is not a situation in which a statute imposes a classification wholly unrelated to any rational objective. See Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Neither is it one in which a statute imposes a higher penalty for members of one sex, irrespective of the nature of the offense. See United States ex rel. Robinson v. York, 281 F.Supp. 8 (D.Conn. 1968); United States ex rel. Sumrell v. York, 288 F.Supp. 955 (D.Conn.1968); Liberti v. York, 28 Conn.Super. 9, 246 A. 2d 106 (1968); Commonwealth v. Daniel, 430 Pa. 642, 243 A.2d 400 (1968). Rather, in this case, the general physical disparity between male and female causes an assault or battery by a male upon a female to be a separate offense in itself.

3. See note 1, supra.

4. See West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937); Muller v. Oregon, 208 U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551 (1908).

It should be noted that the other sections of Art. 1147, supra, make no distinction between male or female, as the nature of the commission of the offense in those situations would have no relation to the sex of the perpetrator. Thus, the classification occurs only where there is a rational basis for it.

While the statute as it exists undoubtedly fails to achieve its objective in every instance, as, for example, is likely the case where a large female attacks a very small male, nevertheless we are of the opinion that the general classification embodied in the statute is reasonably calculated to achieve the overall objective. "[A] legislature need not run the risk of losing an entire remedial scheme simply because it failed, through inadvertence or otherwise, to cover every evil that might conceivably have been attacked." McDonald v. Board of Election Com'rs of Chicago, 394 U.S. 802, 809, 89 S.Ct. 1404, 1409, 22 L.Ed.2d 739. (1969). Appellant's first ground of error is overruled.

■ Appellant also contends that Art. 6252–16, § 1(a) (7) (Supp.1971), which provides:

"(a) No officer or employee of the state or of a political subdivision of the state, when acting or purporting to act in his official capacity, may:

\*    \*    \*    \*    \*    \*

"(7) refuse to grant a benefit to, or impose an unreasonable burden upon, a person because of the person's race, religion, color, sex or national origin."

prohibits the enforcement of Art. 1147(9) against him. He contends that the county attorney is refusing to grant him the "benefit" of being tried only for simple assault, and is imposing an unreasonable burden upon him by prosecuting him for aggravated assault, solely on account of his sex. Appellant's reliance on this statute is misplaced. The county attorney, by prosecut-

ing an offender for the violation of a valid statute is neither refusing to grant a benefit nor imposing an unreasonable burden upon appellant. His actions are not within the purview of the statute.

■ Appellant's second, third, and fourth grounds of error will be considered together. In his second ground of error, appellant contends that his plea of guilty was not voluntarily entered because it was made without his knowing the nature of the charge and the elements necessary to constitute the offense.

In his third ground of error, appellant contends that he did not knowingly and intelligently waive his privilege against self-incrimination because he did not know and was not informed of such privilege.

In his fourth ground of error, appellant contends that he did not knowingly and intelligently waive his right to confront his accusers, because he did not know and was not informed of such right.

The record reflects that at the trial the complaint was read to appellant. Thereafter, the trial court admonished appellant, telling him that he had a right to have a lawyer present, that the court would appoint a lawyer if appellant were unable to employ one, and that he had a right to be tried by a jury. Appellant answered that he waived the right to counsel and trial by jury. The court further informed appellant of the possible penalties attached to the offense. The court also asked appellant if he was pleading guilty because he was guilty, and appellant answered that he was. Appellant also stated that he had not been promised a lighter sentence.

Appellant relies upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), which held that the record must affirmatively show that a defendant who plead guilty did so intelligently and voluntarily, as compelling a reversal in this case. Assuming that Boykin applies

to misdemeanor cases,[5] nevertheless, we find no error. In Boykin, the record was silent as to any affirmative showing that the plea was made intelligently and voluntarily. In the present case, the record affirmatively shows that appellant was aware of his right to counsel, the possible punishment and his right to trial by jury, and that he was pleading guilty because he was guilty and was not induced to plead by promises. In light of the record, which shows no contest and an express admission of guilt, we find no error in the trial court's failure to inform appellant of his right to confrontation. This record is not silent, but rather it affirmatively shows the knowledgeable and voluntary nature of the plea.

In the event that Boykin does not apply to misdemeanors, we find no error under state law. An admonition is not required in misdemeanor cases. Whelan v. State, 472 S.W.2d 140 (Tex.Cr.App.1971); Gallegos v. State, 425 S.W.2d 648 (Tex.Cr.App. 1968); Albrecht v. State, 424 S.W.2d 447 (Tex.Cr.App.1968). Appellant's second, third, and fourth grounds of error are overruled.

Appellant's fifth and seventh grounds of error will also be considered together. In his fifth ground of error, appellant contends that he was denied due process of law because no evidence was introduced to establish a factual basis that the crime charged had actually been committed.

In his seventh ground of error, appellant contends that the evidence was insufficient to support the judgment.

Article 1.15, Vernon's Ann.C.C.P., requires that evidence be introduced in support of a plea in felony cases. There is no comparable requirement in misdemeanor cases, and evidence of guilt need not be offered in support of a plea of guilty to a misdemeanor. Albrecht v. State, 424 S. W.2d 447 (Tex.Cr.App.1968); Foster v. State, 422 S.W.2d 447 (Tex.Cr.App.1967); Carter v. State, 400 S.W.2d 571 (Tex.Cr. App.1966).

We are also of the opinion that there is no federal Constitutional requirement that evidence be offered in support of a plea of guilty. "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). See also Gafford v. United States, 438 F.2d 106 (5th Cir. 1971); United States v. Gonzalez-Parra, 438 F.2d 694 (5th Cir. 1971); Bee v. Beto, 384 F.2d 925 (5th Cir. 1967). Appellant's fifth and seventh grounds of error are overruled.

In his sixth ground of error, appellant contends that the trial court erred by not informing appellant of his right to file an application for probation. Appellant urges that we overrule Gonzales v. State, 456 S.W.2d 137 (Tex.Cr.App.1970) where we held that the trial court was not required to so inform a defendant. We decline to overrule our prior holding.

Appellant cites several cases [6] in which it was held that the trial court erred by either failing to inform the defendant, who plead guilty, that he was not eligible for parole, or by erroneously telling him that he was eligible for parole. In those cases it was held that eligibility for parole was indeed a consequence of the plea, and one about which the defendant should be informed, and that the failure to do so was harmful error.

5. See Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522 (1968).

6. Bye v. United States, 435 F.2d 177 (2nd Cir. 1970); Spradley v. United States, 421 F.2d 1043 (5th Cir. 1970); Berry v. United States, 412 F.2d 189 (3rd Cir. 1969); Munich v. United States, 337 F.2d 356 (9th Cir. 1964).

Although these cases were decided under Fed.Rule Cr.Pro. 11, 18 U.S.C.A., which may or may not be binding in its entirety upon state proceedings as per Boykin v. Alabama, supra, nevertheless, these cases are distinguishable upon another basis. Appellant takes the position that by not informing him of his right to make application for probation, he was not informed of the consequences of his plea. We disagree. The decision as to whether to file an application for probation is a matter of procedure. It should not be considered as a consequence of the plea. True, as is the case with all matters of procedure, choices which are made before and during a trial will almost invariably have particular consequences. This very fact is the prime reason for the existence of the right to counsel. Appellant, having been offered counsel and declining, should not now be heard to complain of his own ignorance of procedure. Appellant's sixth ground of error is overruled.

The judgment is affirmed.