

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 15, 1974

The Honorable Wilson E. Speir, Director
Texas Department of Public Safety
5805 N. Lamar, Box 4087
Austin, Texas 78773

Opinion No. H- 232

Re: Whether the recent
decision of the Court of
Criminal Appeals in Ex
parte Johnny Ray Matthews
renders Article 6701 1 -4,
Vernon's Texas Civil Statutes
unconstitutional?

Dear Colonel Speir:

You have requested our opinion concerning the constitutionality and
interpretation of Article 6701 1-4, Vernon's Texas Civil Statutes (formerly
Article 802e, Vernon's Texas Penal Code), in view of the decision of the
Court of Criminal Appeals in Ex parte Matthews, 488 S. W. 2d 434 (Tex. Crim.
1973).

Article 6701 1 - 4, V. T. C. S., provides penalties for driving a motor
vehicle while under the influence of intoxicating liquor or otherwise in violation
of the traffic laws of the State of Texas. By its terms, it is applicable to:

"Section 1. Any male minor who has passed his
14th birthday but has not reached his 17th birthday, and
any female minor who has passed her 14th birthday but
has not reached her 18th birthday. . ."

In Ex parte Matthews, supra, Matthews claimed that Article 2338-1, § 3,
Vernon's Texas Civil Statutes, and Article 30, § 2, of the old Penal Code (now
§ 8. 07, Vernon's Texas Penal Code), the statutes under which he had been
tried as an adult (he was 17 at the time of trial), were unconstitutional in that
the males and females were treated unequally, and that he was therefore denied

p. 1080

equal protection of the law. Article 2338-1, § 3, defined "child" to be any female over the age of ten and under the age of eighteen years or any male over the age of ten and under the age of seventeen years. Article 30, § 2, as it was applied to Matthews, provided that no male under seventeen years of age and no female under eighteen years of age might be convicted of an offense (except perjury) without waiver of jurisdiction by the juvenile court. Following a growing line of cases, the Court of Criminal Appeals, on January 3, 1973, rendered its decision in Matthews stating that it was unable to find any rational objective or logical constitutional justification for the disparity in the age/sex classification. In concluded that those portions of the two statutes which treated males and females differently were unconstitutional.

Your first question is:

"Does the rationale of the Matthews case render Article 802e, Vernon's Penal Code, unconstitutional ? If it is unconstitutional, are there any parts of the statute not affected by the unconstitutionality? "

There may be valid bases for distinguishing between the sexes in defining crimes, as, for example, in Buchanan v. State, 480 S. W. 2d 207 (Tex. Crim. 1972). However, we see no justification or rational basis in the distinction made by Article 6701 1 - 4, V. T. C. S. , concerning persons in the seventeen-eighteen year old category and in our opinion the courts will hold the statute unconstitutional to the extent of its application to that category of persons. Ex parte Matthews, supra.

In Ex parte Matthews, supra, the Court of Criminal Appeals said "We conclude that the portion. . . which provides for the inclusion of females of age seventeen within the definition of the word 'child', is violative of the equal protection clause. " It also said, "[a]fter excising the seventeen-eighteen year old classification from Article 30, V. A. P. C. and Article 2338-1, V. A. C. S. , appellant was amenable to prosecution. . . . " The Court seems to have considered those statutes unconstitutional only in their application to persons in the seventeen-eighteen year old classification.

The cardinal rule of statutory interpretation is to determine the intent of the Legislature and to give it effect where possible. Texas-Louisiana Power Co.

v. City of Farmersville, 67 S.W. 2d 235 (Tex. 1933).

In Vol. 2, Sutherland, Statutory Construction, § 2412, p. 189 it is said:

> "When exceptions, exemptions or provisos in
> a statute are found to be invalid, the entire act may
> be void on the theory that by striking out the invalid
> exception the act has been widened in its scope and
> therefore cannot properly represent the legislative
> intent. . . . ".

See also Texas-Louisiana Power Co. v. City of Farmersville, supra; Anderson v. Wood, 152 S.W. 2d 1084 (Tex. 1941), both citing and quoting from an earlier edition of Sutherland.

Striking from Article 6701 1 - 4 that portion which would make it applicable to females over seventeen but not to males past their seventeenth birthday, the invalid exception in the Act, would not broaden its scope. To the contrary, the scope would be limited to the extent that it would no longer apply to females past the age of seventeen. Females seventeen and under as well as males seventeen and under are now subject to its provisions and would remain so.

It is our opinion, therefore, that the rationale of the Matthews case does render Article 6701 1 - 4, V. T. C. S., unconstitutional to the extent that it distinguishes between males and females over seventeen and under eighteen years of age. It is our opinion further that the statute, insofar as it applies to males and females seventeen and under, is not unconstitutional.

Your next question asks:

> "If [6701 1 - 4] is constitutional, do its provisions
> allow the arrest and prosecution of minors who have
> passed their fourteenth birthdays for an action committed
> before such person is fifteen years of age?"

Section 8.07 of the new Penal Code provides, in part:

> "(a) Except as provided by Subsection (c) of this
> section, a person may not be prosecuted or convicted
> for any offense that he committed when younger than
> 15 years.

" . . . .

"(c) Subsection (a) and (b) of this section shall not apply to prosecutions for:

" . . .

"(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended; [Article 6701 1 - 4, V. T. C. S.]. . . ."

Article 6701 1 - 4, V. T. C. S., in its § 4, provides in part:

"The offenses created under this Act shall be under the jurisdiction of the courts regularly empowered to try misdemeanors carrying the penalty herein affixed, and shall not be under the jurisdiction of the Juvenile Courts; . . ."

It is our opinion, therefore, that, under our present statutes, minors over fourteen years of age may be arrested and prosecuted for violation of Article 6701 1 - 4, committed prior to their fifteenth birthdays.

## SUMMARY

Article 6701 1 - 4 Vernon's Texas Civil Statutes, cannot be constitutionally enforced against persons in the seventeen to eighteen year old category but is enforceable against those seventeen and under. Persons over fourteen but under fifteen years of age may be prosecuted for violation of Article 6701 1 - 4.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee