Lemuil H. CRAVEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 66333.

Court of Criminal Appeals of Texas, Panel 2.

Feb. 11, 1981.

Rehearing Denied April 8, 1981.

J. Thomas Sullivan, Dallas (court appointed), for appellant.

Henry M. Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

The paradox that confronts the Court in this misdemeanor theft is that an appellant who was convicted on his plea of guilty now contends the judgment should be reversed because the trial court erred in overruling his motion to quash the information on the grounds that it is "insufficient to apprise ... [him] ... of what the State intends to prove" so that he is denied "an opportunity to prepare his defense and plead his judgment in bar of further prosecution." Such is his sole ground of error.

The judgment recites that upon being arraigned appellant pled guilty to the information and upon trial, the court having heard the evidence submitted, was adjudged to be guilty. Appellant does not assert that his guilty plea was other than freely, understandingly and voluntarily en-

tered,[1] and it need not be shown that it was, *Albrecht v. State*, 424 S.W.2d 447 (Tex.Cr. App.1968). Accordingly, in earlier times the *Helms* rule would mandate our finding that appellant has waived "*all nonjurisdictional defects*" in the proceedings below, *Helms v. State*, 484 S.W.2d 925, 927 (Tex. Cr.App.1972).[2]

However, since *Helms*, supra, the Legislature has added a proviso to the Article 44.02, V.A.C.C.P. that "abrogated this rule regarding the effect of a guilty plea in cases of plea bargains before the court," thereby superceding "the prior case law as stated in *Helms*, supra," *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Cr.App.1978). Therefore, we must first determine whether our review of the single ground of error is authorized by the Article 44.02 proviso or is circumscribed by the *Helms* rule. That determination turns, of course, on whether there was a plea bargain honored by the trial court.

In his brief appellant asserts the trial judge "assessed punishment within the range of the recommendation of the prosecutor and defense counsel," and points us to a page in the record where we find a paper entitled "State's Announcement of Ready for Trial" on which, *below* the signature of an assistant district attorney, under a heading of "recommendation" someone has written and stricken through two lines and apparently initialed them as follows:

"~~5 days & $500~~
~~10 days & $50~~
BBB"

and then still below those notations in a space more or less in the middle of the page appears:

"15 &.costs
_____
jail"

without any indication as to identity of the scrivener. The paper bears a February 21, 1980 file mark of the clerk; the docket sheet reflects that the case was first called on that date,[3] again on March 19, 1980[4] and finally April 22, 1980, when appellant entered his plea and was adjudged guilty and punishment was assessed at 15 days jail confinement and costs.[5]

For its part the State informs us, "Retaining his right to seek appellate review of the court's action in denying his motion to quash the information, see Article 44.02, C.C.P., Appellant pled guilty before the Court." With that its brief states its counterpoint and moves on to argue that the ground of error is without merit.

■ With the record in the shape it is in, we begrudgingly conclude that the trial court did honor a plea bargain, so under the Article 44.02 proviso appellant is entitled to prosecute his appeal from the adverse ruling on his motion to quash, and our review is not proscribed by the *Helms* rule. *Ferguson v. State*, supra; see generally *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr.App. 1979).

The motion to quash complains of lack of notice from the face of the information as to "the manner and means of appropriation

---

1. Indeed, since appellant has not caused the record to include a transcription of the notes of the court reporter of any proceeding in this cause, he would have no basis for making such an assertion, and Article 44.24(a) requires the Court to presume regularity to plea proceedings in this circumstance. See *Converse v. State*, 386 S.W.2d 283, 285 (Tex.Cr.App.1965).

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. Also dated February 21, 1980 is a laundry list form for "Defendant's Request for Action," with a check mark, apparently made by appellant's attorney since his purported signature is at the bottom of the form, indicating that appellant was in court and the cause was "Passed

Announcement." But still below are blanks for writing in the recommendation of the prosecuting attorney on a plea over his signature and boxes to be checked to show whether the accused agrees or does not agree to accept that recommendation; however, nothing is filled in nor is either box checked.

4. Similarly the March 19 request for action by appellant was to pass the cause and "announcement;" the recommendation and acceptance portion of the form is likewise blank.

5. If a "Defendant's Request for Action" form was completed and signed by attorneys for the parties that day, it did not make it into the record before us.

of the named property" and as to "the manner and means by which said Defendant intended to deprive the owner" of his property. These complaints, more technically denominated exceptions in the procedure code are, as appellant concedes to us, not matters of substance, but criticize the form of the information. See Chapter 28 V.A.C.C.P., especially Articles 28.01, § 1(4), 28.05, 28.09 [6] and *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App. 1974), which nicely delineates matters of substance and form and instructively relates them to requisites of indictments and informations provided in Chapter 21 of the Code of Criminal Procedure. Reviewing an adverse ruling of a trial court on a pretrial motion to quash, or an exception, on account of a claimed defect in the form of allegations in an information, this Court has been directed not to reverse a conviction simply because the ruling is erroneous, and therein is the nub of the problem for us in this cause.

 Ever since at least 1881 the legislative admonition has been that which is now made by Article 21.19, V.A.C.C.P., *viz*:

"An indictment [or information [7]] shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."

Accordingly, the Court has uniformly held that a determination of the kind of prejudice a defect of form may have engendered simply cannot be made without reviewing a statement of facts. *Taylor v. State*, 134 Tex.Cr.R. 561, 116 S.W.2d 392 (1939) is directly in point; *Van Horn v. State*, 143 Tex.Cr.R. 55, 156 S.W.2d 987 (1941) and *Hinton v. State*, 134 Tex.Cr.R. 528, 116 S.W.2d 391 (1938) are illustrative and supportive enough to sustain our conclusion that the record before us will not shed any light on the ultimate issue of prejudice to substantial rights of appellant,[8] though there be error in denying the motion to quash.[9] Thus, the ground of error must be overruled.

The judgment of conviction is affirmed.

DALLY, J., concurs in result.

---

**6.** We note the motion to quash was presented to and denied by the trial court April 21, 1980 —the day preceding the guilty plea trial—and therefrom conclude that a pretrial hearing within the contemplation of Article 28.01, supra, was held. Section 2 dictates, "The record made at such pre-trial hearing . . . shall become a part of the trial record of the case upon its merits." Neither the pretrial record nor, as already indicated, the trial record, is before us, but what is has come to us without any objection calling attention to the complete omission of statement of facts of any proceeding in this cause in the court below.

**7.** By operation of Article 21.23, V.A.C.C.P., rules as to indictments likewise apply to informations.

**8.** Aside from what a statement of facts might reveal, we are unable to conjecture a scenario in which substantial rights of this or any other similarly situated accused could be prejudiced, and we are constrained to remark that nowhere in his appellate brief is there explicated the slightest hint or suggestion of harm. Though appellant says the notice given by the information was not sufficient "to permit him to prepare his defense," he does not contend that he had one to the rather simple charge of stealing a shirt and blue jeans from their named owner—regardless of which means of appropriation or which aspect of intent to deprive the State would undertake to prove. Certainly, his plea of guilty admitted one or another ingredient of each essential element of the offense and mooted, as it were, presentation of proof by the State and preparation of a defense. *Brown v. State*, 507 S.W.2d 235, 238 (Tex.Cr.App.1974); *Albrecht v. State*, 424 S.W.2d 447, 448 (Tex.Cr. App.1968).

**9.** It is to be understood that the Court has not *found* error and, appellant having entered a plea of guilty to an indictment he assailed for inadequacy in "notice" averments, but for the workings of the 44.02 proviso our inclination in this particular situation to find a waiver of the claimed defects in the information would have been followed. We invite legislative attention to the paradox created by the proviso, to the end that persons in the criminal justice system whose duties attach to appellate procedure and proceedings that become operative after notice of appeal is given may be relieved of performing tasks in cases such as this one.