**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**RUDOLPH PRESCOTT, Defendant**

Civil No. 177/1981

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 16, 1981

LARRY RATLIFF, Assistant Attorney General (Office of the Attorney General), Christiansted, St. Croix, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on defendant's motion for an order dismissing the criminal charge against him. He asserts that 14 V.I.C. § 298(5), the statute under which he is charged, is unconstitutional in that it violates the fourteenth amendment[1] and denies him equal protection of the law.

Though there are many who would say that in today's world women seek to be considered the equal of men in any and all respects, this Court is of the opinion that there are basic differences regarding which it says "Vive La Difference." Accordingly, and for the reasons hereinafter expressed, the motion will be denied.

Subsection (5) of § 298, Title 14 V.I.C. upgrades a simple assault to an aggravated assault when it is committed by an adult male upon the person of a female. No aggravation is inferred, however, when an adult female commits an assault upon a male. For this reason defendant urges that the statute unconstitutionally discriminates on the basis of sex and denies him the equal protection of the law.

By way of example, defendant asserts that "[t]his statute, however, if applied against the male defendant herein would be violative of the equal protection clause of the fourteenth amendment of the United States Constitution, for it would mean that a midget of a man could be assaulted and pounded, battered and bruised by a woman of amazon proportions and it would result in the woman being only charged with a simple assault and battery, Title 14 V.I.C. § 299 . . ." the penalty for which is a fine not exceeding fifty dollars or imprisonment for more than thirty days or both. On the other hand, "[s]hould the same midget of a man, however, hit this woman of mammoth, gigantic or amazon proportions and inflict little or no damage upon her, he could be, and would be charged under 14 V.I.C. § 298(5) not 14 V.I.C. § 299 and be guilty of aggravated assault and battery . . ." and subjected to a fine of not more than five hundred dollars or imprisonment for more than one year or both. This, defendant asserts, "is blatant, arbitrary, sexual discrimination of the worst sort. . . ."

[1] Equal protection of the law is guaranteed pursuant to § 3 of the Revised Organic Act of 1954 and Public Law 90–496, § 11, 82 Stat. 841 (effective August 23, 1968) which makes the fourteenth amendment applicable to the Virgin Islands of the United States.

This very argument was rejected by the Court in *Buchanan v. State,* 480 S.W.2d 207 (Tex. Crim. App. 1972), appeal dismissed, 409 U.S. 814 (1972).[2] There the Court concluded that there was a rational basis for the different treatment afforded to adult males in the case of assault or batteries committed upon adult females. One of the statute's objectives, it said, was to prevent, by means of greater punishment, assaults or batteries of a type likely to cause serious bodily injury and making an assault by a male upon a female an aggravated assault was directed toward the achievement of that objective. It further explained that it is a matter of common knowledge and a proper subject for judicial notice that women as a general rule are of smaller physical stature and strength than men. Thus, it said, it followed that an assault or battery by an adult male upon a female is more likely to cause serious injury than the reverse. Though the court there conceded (and we concur) that the statute undoubtedly failed to achieve its objective in every instance, as for example in the case hypothesized by defendant, the general classification embodied in the statute was reasonably calculated to achieve the overall objective.

■■ It is true that statutes which affect a particular class must be based on rational distinctions or classifications, *Rinaldi v. Yeager,* 384 U.S. 305, 308–09, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966), but there is no constitutional requirement of uniform treatment. Class legislation is not arbitrary if it is based upon some difference or distinction having a substantial relation to the purpose of the statute. *Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

Almost two years ago, Judge Petersen of this Court in Government v. Zephaniah Smith (Terr. Ct., Div. St. T. & St. J., Crim. No. 166/79), found that

> this [statutory section] exemplifies a considered legislative judgment that females warrant a special protection from male attackers but . . . this same degree of protection from other females is uncalled for. Clearly, it is not only the potential for harm stemming from the disparity in physical stature, but also a consideration of the incidence of the crime as well as the

---

[2] The statute in issue in this case made an assault and battery committed by an adult male upon an adult female an aggravated assault, but an assault by an adult female upon another adult female was an aggravated assault only if committed under circumstances otherwise constituting an aggravated assault.

degree of punishment necessary for deterrence, which has motivated this classification.[3]

This Court adopts, in toto, the reasoning of my colleague in Government v. Smith, supra.

## ORDER

For the reasons expressed in the foregoing memorandum opinion, the defendant's Motion is DENIED.

---

[3] This case notes the 1971 amendments to 14 V.I.C. § 298 and the failure of the legislature to amend such section (5) as an indication of legislative approval of this conclusion.