**Reginald Eugene PATTERSON, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–81–225–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 17, 1982.

Ward Casey, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

OPINION

JORDAN, Justice.

Our opinion and judgment of December 2, 1981, is withdrawn, with the following substituted therefor.

Appellant was convicted of manufacturing a controlled substance, namely amphetamine. Punishment was assessed by the trial court at two years confinement in the Texas Department of Corrections.

Appellant's sole ground of error is that the trial court erred in overruling appellant's motion to quash and set aside the indictment.

It was alleged in the indictment brought against appellant that "on or about September 13, 1980 he did then and there knowingly and intentionally manufacture a controlled substance, namely amphetamine." Prior to trial appellant filed a motion to

quash and set aside the indictment on the ground that the "indictment is fatally defective in that it fails to allege by what manner and means the defendant manufactured the controlled substance, namely amphetamine on the date alleged or to specify which of the several manners and means encompassed by the definition of 'manufacture' as contained in Section 1.02(16), Texas Controlled Substance Act as was employed by the defendant." This motion was overruled by the trial court. Appellant after plea bargain agreement, pled guilty to the charge, but announced his intention to exercise his right to appeal the action of the trial court in overruling the motion to quash pursuant to V.A.C.C.P. art 44.02.

"Manufacture" was defined in V.A.C.S. art. 4476–15, sec. 1.02(16). The Controlled Substances Act to mean: the "preparation, propagation, compounding, conversion, or processing of a controlled substance other than marihuana, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, . . . ."

Appellant relies in his brief on *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App. en banc on September 23, 1981). In that case the court reversed because of a trial court's failure to grant a motion to quash an indictment which failed to specify how the controlled substance, heroin, was delivered. The motion to quash in *Ferguson* alleged that the indictment " 'fails to allege how the controlled substance was delivered' " and is " 'insufficient to put the Defendant on notice of what type of delivery the state will rely on to prove its accusation against the defendant; that it is therefore responsible for the Defendant to know against what proof he must prepare his defense.' "

We have the same situation in this case as existed in *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.—1981) with one important exception to be discussed later. In this case, as in *Ferguson*, appellant's motion to

quash complained, as shown in our original opinion, that the indictment was defective because it did not specify the means by which the controlled substance was manufactured and thus did not give him reasonable and fair notice of the charge against him.

On rehearing we have decided that this case is controlled, not by *Ferguson*, but by *Craven v. State*, 613 S.W.2d 488 (Tex.Cr. App.—1981), the facts of which are almost identical to those in this case. In *Craven*, a misdemeanor theft case, appellant was convicted on his plea of guilty but appealed pursuant to V.A.C.C.P. art. 44.02 on the ground that the trial court erred in overruling his motion ·to quash the information on the grounds that it was insufficient to apprise him of what the State intended to prove, thus denying him an opportunity to prepare his defense. The same ground for quashing the indictment was urged in the trial court in this case. The motion to quash in *Craven* alleged that the information asserted that appellant did not have notice from the face of the information as to the manner and means of appropriation of the named property, a shirt and blue jeans, and as to the manner and means by which the appellant intended to deprive the owner of his property.

The court in *Craven* held that where appellant's motion to quash the information involved alleged errors in the form of the information and not the substance, and where appellant's plea of guilty made moot and unnecessary the presentation of proof by the State and preparation of a defense, it was not shown how appellant's substantive rights were prejudiced, and his motion to quash was properly denied.

As was true in *Craven*, the appellant here, although he claimed lack of notice of the means by which he manufactured the amphetamine, plead guilty to that accusation and the guilty plea was clearly supported by stipulated testimony. Also, as was true in *Craven*, the appellant here, though he claimed that the lack of notice rendered it impossible for him to prepare his defense, never actually asserted at any

time that he actually had any defense to the indictment.

It is important to note that a plea of guilty, freely and voluntarily made without fear or persuasion, as this one was, admits *all* elements of the offense. *Brinson v. State*, 570 S.W.2d 937 (Tex.Cr.App.1978); *Lewis v. State*, 529 S.W.2d 550 (Tex.Cr.App. 1975). Moreover, the defensive posture of one who enters a guilty plea is that "I admit guilt of the accusation". *Brewster v. State*, 606 S.W.2d 325 (Tex.Cr.App.1980). The situation here, with a plea of guilty, differs from that of *Ferguson v. State, supra*, where the appellant pled "not guilty" and was found guilty by a jury.

The remarks of the court in a footnote in *Craven v. State, supra*, although there was no record or statement of facts on appeal in that case, illustrate graphically the similarity of that case and the one now before us:

> "Aside from what a statement of facts might reveal, we are unable to conjecture a scenario in which substantial rights of this or any other similarly situated accused could be prejudiced, and we are constrained to remark that nowhere in his appellate brief is there explicated the slightest hint or suggestion of harm. Though appellant says the notice given by the information was not sufficient 'to permit him to prepare his defense,' he does not contend that he had one to the rather simple charge of stealing a shirt and blue jeans from their named owner— regardless of which means of appropriation or which aspect of intent to deprive the State would undertake to prove. Certainly, his plea of guilty admitted one or another ingredient of each essential element of the offense and mooted, as it were, presentation of proof by the State and preparation of a defense. *Brown v. State*, 507 S.W.2d 235, 238 (Tex.Cr.App. 1974); *Albrecht v. State*, 424 S.W.2d 447, 448 (Tex.Cr.App.1968)."

We hold, following *Craven v. State, supra*, that here, as in *Craven*, any alleged errors in the indictment went to the form thereof and not the substance, that in view of appellant's plea of guilty to the indict-

ment, his substantial rights were not prejudiced, and it was not error for the trial court to refuse to quash the indictment.

For the reasons stated, the State's motion for rehearing is granted, and the judgment is affirmed.