**Nancy Jo OPDAHL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 136–85.**

Court of Criminal Appeals of Texas, En Banc.

March 5, 1986.

Timothy L. Jackson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr. and Joan Campbell, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

We granted the State's petition for discretionary review in order to examine the decision of the Houston First Court of Appeals which held in an unpublished opinion that the trial court committed reversible error when it overruled the motion to quash the information that had been filed on behalf of Nancy Jo Opdahl, hereinafter referred to as the appellant. See *Opdahl v. State*, (No. 01–84–0360–CR, December 13, 1984).

The record reflects that the appellant was tried and convicted by a jury for committing the misdemeanor offense of prostitution. Punishment was assessed by the trial judge at three days' confinement in the Harris County Jail and a $250 fine.

The court of appeals agreed with the appellant's sole ground of error on appeal, that the information, which alleged in pertinent part that the appellant did "knowingly offer and agree to engage in sexual conduct, namely, sexual intercourse, with J. Martino for a fee," was subject to her motion to quash because the information did not inform her whether she paid or received a fee to engage in sexual intercourse with the complainant.

One of the ways that the offense of prostitution may be committed is when a person knowingly "offers to engage, agrees to engage, or engages in sexual conduct for a fee." See V.T.C.A., Penal Code, Section 43.02(a)(1). The prepositional phrase "for a fee" is not defined in the statute. However, the statute expressly provides that "An offense is established under Subsection (a)(2) of this section whether the actor is to receive or pay a fee." The court of appeals held that because the statute provides that the offense may be committed by either the payment or the receipt of a fee, "Appellant was entitled to notice of the specific nature of the act charged."

On February 5, 1986, this Court handed down *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986), in which a majority of this Court expressly overruled this Court's opinion of *Jeffers v. State*, 646 S.W.2d 185 (Tex. Cr.App.1981) (Opinion on State's Motion for Rehearing), which had overruled this Court's panel opinion of *Craven v. State*, 613 S.W.2d 488 (Tex.Cr.App.1981). Thus, a majority of this Court "restore[d] the essence of Craven." *Adams*, supra, (Clinton, J., concurring opinion.)

In *Jeffers v. State*, supra, a majority of this Court held that "The test for deciding the sufficiency of an indictment in the face of a motion to quash for insufficient notice is to examine the indictment from the perspective of the accused ... The sufficiency of the indictment to give adequate notice must be determined in light of the presumption of innocence ... While a statement of facts may shed additional light on the basis that was urged in a motion to quash, it is not prerequisite to reaching the merits of the issue ... To require evidence reflected in a statement of facts to

establish insufficient notice is to ignore the requirement that notice appear on the face of the indictment. Examination of the indictment, not the evidence, is the ultimate test. Craven v. State, supra, is overruled." (189).

In *Adams,* supra, however, a majority of this Court set forth the following analysis that is presently to be used when considering the validity of a motion to quash the charging instrument:

> The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of 'notice'. If so, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact.

Because the majority of this Court has voted to revive *Craven v. State,* supra, we now turn to *Craven,* supra, for guidance.

In *Craven,* it was held that before an accused could complain about the trial court overruling a motion to quash the charging instrument he had to show harm, and "a determination of the kind of prejudice a defect of form may have engendered simply cannot be made without reviewing a statement of facts." (490).

Thus, in light of *Craven,* supra, without a statement of facts of the trial, even if we agreed with the court of appeals and the appellant that the information was subject to her motion to quash, under the first part of the test enunciated in *Adams,* supra, we could not make the determination whether "the particular 'notice defect' prejudiced the substantial rights of the defendant." *Adams,* supra, at page 5 of the Slip Opinion." Therefore, even if we were to hold that the information in this cause failed to convey some requisite item of notice, we would be unable to decide "whether, in the context of the case, this had an impact [or how great an impact this had] on the appellant's ability to prepare a defense."

If there is no statement of facts, then it is unnecessary to answer the first question. On the other hand, if there is a statement of facts, and it is determined that the first question should be answered in the affirmative, then, of course, the second and third questions should be answered. For an appellate court to answer the first question in the affirmative, but not be able to answer the second and third questions would result in a mere perfunctory analysis. Without a statement of facts, an appellate court cannot make the determination of what effect, if any, the overruling or denying the defendant's motion to quash the charging instrument might have had on either his preparation for trial or his defense at trial. Therefore, we are unable to make the determination of what effect, if any, the overruling of the appellant's motion to quash the information might have had on either her preparation for trial or her defense at trial.

The judgment of the court of appeals is reversed and the judgment of the trial court affirmed.

ONION, P.J., dissents.

CLINTON, Judge, concurring.

The opinion of the Court states that "without a statement of facts of the *trial* ... we could not make the determination [required by *Adams* ]." Slip Opinion, p. 699.[1] A word about that.

Presently, through a combination of several sections in Article 40.09, V.A.C.C.P., an appellant may designate those relevant parts of proceedings shown by notes of the court reporter to have occurred in the criminal action, and cause the court reporter to transcribe them; similarly, the State may cause to be included such additional parts as it deems relevant. Article 40.09, §§ 2, 3, 4 and 5. In the Fall through specific provisions of Rule 43, Tex.R.App.P., the procedure will be even simpler and safer for all concerned.

Therefore, "a statement of facts of the trial" may not be at all essential.

---

**1.** All emphasis is mine throughout unless otherwise indicated.

To be recalled is that in *Craven v. State*, 613 S.W.2d 488 (Tex.Cr.App.1981), the Court was confronting a record that did not include a transcription of notes of *"any proceeding."* *Id.*, nn. 1 and 6. Accordingly, we pointed out that "the record before us will not shed any light on the ultimate issue of prejudice to substantial rights of appellant ..." *id.*, at 490.

*Craven* most assuredly does not mandate that "before an accused could complain [of error in] overruling a motion to quash the charging instrument" he must include in the record "a statement of facts of the trial." For that matter, neither does *Adams v. State*, 707 S.W.2d 900 (Tex.Cr. App.1986).

With those observations and understanding, I join the judgment of the Court.

TOM G. DAVIS, J., joins.