Sam HOOVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–84–456–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 30, 1987.

Windi Akins, Houston, for appellant.

Calvin A. Hartmann, Winston E. Cochran, Jr., and Charles A. Rosenthal, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The court of criminal appeals has directed us to reconsider our opinion in *Hoover v. State*, 707 S.W.2d 144 (Tex.App.—Houston [14th Dist.] 1986) in light of *Adams v. State*, 707 S.W.2d 900 (Tex.Crim.App.1986) and *Opdahl v. State*, 705 S.W.2d 697 (Tex. Crim.App.1986) in order to determine the

sufficiency of the indictment. We find that the indictment gave Sam Hoover (appellant) sufficient notice to prepare a defense. We, however, find that the State has failed to meet its burden of proof in proving one element of the indictment. We, therefore, reverse the judgment of the trial court.

Because we previously recited the facts of this case in the prior opinion, we only set forth a summary of those facts. On January 11, 1983, Grace Taylor Robertson, later Grace Taylor Milligan, was robbed. In the robbery her fur coat was stolen. Appellant and Tracy Allen Farrell met and discussed the return of Milligan's coat. Farrell represented himself as a private investigator who was in the business of assisting people who had lost property. Pursuant to their agreement, appellant brought a mink coat to Farrell. Appellant was found guilty by the trial court and raises twelve points of error.

Previously, we determined that the indictment was inadequate. The indictment charged appellant with unlawfully appropriating

"by acquiring and otherwise exercising control over stolen property, namely one fur coat, of the value over ten thousand dollars, *owned by Grace Milligan,* with *the intent to deprive* the owner of the property and knowing the property was stolen from the owner by another person whose name is unknown. [Emphasis ours].

We pointed out that *deprive* has three different meanings pursuant to Tex.Penal Code Ann. 31.01(3) (Vernon 1974). The term deprived means:

[1] to withhold property from the owner permanently or for so extended a period of time that a major portion of value or enjoyment of the property is lost to the owner;

[2] to restore property only upon payment of reward or other compensation; or

[3] to dispose of the property in a manner that makes recovery of the property by the owner unlikely.

*Id.* The indictment failed to convey some requisite element of notice by not stating upon which meaning of *deprive* the State would be relying as the act or omission committed by appellant.

The court of criminal appeals later rendered judgment in *Opdahl* and *Adams.* These cases held that merely finding that the indictment failed to convey some element of notice was only the beginning of the inquiry. Once the court determines that the indictment fails in some way to give notice, the court must next determine in the context of the case whether this failure had an impact on the defendant's ability to prepare a defense. *Adams,* 707 S.W.2d at 903. The inference being that to constitute reversible error, the failure of notice in the indictment must have caused an impact to the defendant's ability to defend.

We find, in light of *Adams* and *Opdahl,* that the failure of notice in appellant's indictment caused no harm to appellant. Appellant was arrested returning the coat. He, therefore, could not have been convicted of (1) or (3). By returning the coat in good condition, he could not have intended to deprive the owner permanently of a major portion of the value or enjoyment of the coat or to dispose of the property to make recovery of the property by Milligan unlikely. In the context of the case, appellant must have or should have realized that the State would be attempting to show that he deprived the coat from the owner by restoring the property upon a payment or reward or other compensation. Appellant had the ability to prepare a defense and was not impacted by the lack of notice in the indictment. We overrule appellant's first three points of error.

Nevertheless, we find that the State has failed to meet its burden of proof. The indictment alleges that appellant knew the property was stolen from *Milligan.* The name of the person from whom the property is stolen is not an element of the offense with which appellant is charged. *See* Tex.Penal Code Ann. § 31.-03(b)(2) (Vernon Supp.1985). When the State, however, makes unnecessary allegations which are descriptive of that which is

legally essential to charge a crime, the State is then required to prove the unnecessary allegation along with the essential elements of the crime. *Weaver v. State,* 551 S.W.2d 419 (Tex.Crim.App.1977). When the accused is charged with knowledge of the name of the person from whom property is stolen and the proof fails to establish knowledge, the evidence is insufficient to support a conviction. *Franklin v. State,* 659 S.W.2d 831 (Tex.Crim.App.1983).

■ Insufficient evidence was presented to show that the coat that Hoover brought to Farrell's office was Milligan's coat. Milligan did testify that the coat was her coat, but she later testified on cross-examination that she could not tell the difference of comparable value coats and, furthermore, she knew very little about mink coats. She merely noted that her coat and the coat returned to her both had diagonal cuts on the arms rather than the traditional straight cut. Hoover stated at trial that he did not know if it was Milligan's coat or not. Farrell also testified that Hoover stated "I don't know if it is the coat they lost, but it is a damn good pelt." The State had a method of proving that it was her coat. Milligan testified that identification numbers were inside the coat and that Sakowitz kept records of who they sold mink coats to based on those numbers. The State failed to make this connection. Since the State failed to prove every element in the indictment, appellant's ninth point of error must be sustained.

All the other points of error are overruled for the reasons set forth in our prior opinion.

The judgment is reversed and we order the trial court to enter an order of acquittal.