Donald C. TEAGUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–232–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Atty. Office, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant entered a plea of nolo contendere to a charge of driving while intoxicated. Punishment was assessed at confinement in the Nueces County Jail for ninety days and a $500.00 fine. We affirm the judgment of the trial court.

By one point of error, appellant claims that the trial court erred in overruling his motion to quash the information. The information alleged that appellant "did then and there while intoxicated, drive and operate a motor vehicle in a public place."

■ The first question we reach is whether appellant has retained his right to appeal the trial court's ruling on the motion to quash in view of his plea of nolo contendere. We hold that appellant has retained his right to appeal.

■ Appellant asserts in his brief that he "pled guilty pursuant to a plea bargain agreement." Where a defendant has entered a plea of guilty or nolo contendere based upon a valid plea bargain agreement, he may appeal rulings on pretrial motions where the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the de-

fendant and his attorney. Tex.Code Crim. Proc.Ann. art. 44.02 (Vernon 1979).

 In this case, the trial court entered an order on appellant's "Objection to the Record." The order recites that "the guilty plea entered in this cause was a result of a plea bargain agreement made with the Defendant." This order indicates that a plea bargain agreement was entered into and was honored by the trial court.

Moreover, the docket sheet reflects that the parties agreed and stipulated that appellant's plea and sentence was the result of a plea bargain which was accepted by the trial court.

Although the record does not contain the actual plea bargain agreement, we find that the record sufficiently reflects a plea bargain agreement as contemplated by article 44.02 and in compliance with the test set forth in *Galitz v. State*, 617 S.W.2d 949, 951–52 (Tex.Crim.App.1981). *See Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Crim. App.1985); *Craven v. State*, 613 S.W.2d 488, 489 (Tex.Crim.App.1981), overruled by *Jeffers v. State*, 646 S.W.2d 185, 189 (Tex. Crim.App.1981); *Eubanks v. State*, 599 S.W.2d 815 (Tex.Crim.App.1980); *Decker v. State*, 570 S.W.2d 948 (Tex.Crim.App.1978). We have jurisdiction to review the trial court's ruling on appellant's motion to quash the information.

 No statement of facts is contained in the record. The analysis to be used in determining whether a motion to quash should have been granted is stated in *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim.App.1986):

> "The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of 'notice'. If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact."

In order to determine what impact, or how great an impact, the alleged ambiguity in the charging instrument had on the ability of the appellant to prepare his defense, the appellate court must have a statement of facts. "Without a statement of facts, an appellate court cannot make the determination of what effect, if any, the overruling or denying the defendant's motion to quash the charging instrument might have had on either his preparation for trial or his defense at trial." *Opdahl v. State*, 705 S.W.2d 697, 699 (Tex.Crim.App.1986).

The record before us is devoid of any statement of facts. In accord with *Opdahl*, we overrule appellant's sole ground of error and affirm the judgment of the trial court.

The judgment of the trial court is AFFIRMED.