**Ann Marie BALASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–85–754–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 26, 1986.

Phillip W. Swisher, Conroe, and Harry H. Walsh, III, Huntsville, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr. and Kirk J. Oncken, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Appellant was convicted by the court of the offense of public lewdness and punishment was assessed at a fine of five-hundred dollars. Appellant raises two points of error on appeal. In point of error number one she claims that the trial court erred in failing to grant her motion to set aside the information because the public lewdness statute is unconstitutionally vague as it is applied to this case and in point of error number two she claims the evidence is insufficient. We affirm.

Appellant, while dancing with a male partner at a local nightclub, was observed by Houston police officers rubbing the genitals of her partner through his trousers. The rubbing continued for a "couple of minutes"; she was arrested and charged with public lewdness.

In her first point of error appellant claims that the public lewdness statute, Tex.Pen.Code Ann. § 21.07 (Vernon 1974), is unconstitutionally vague as applied to this case. Section 21.07 states in pertinent part: "A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act: (3) an act of sexual contact." *Id.* Sexual contact is defined in Tex.Pen. Code Ann. § 21.01 (Vernon Supp.1986), as "any touching of the anus, breast, or any

part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." *Id.*

The United States Supreme Court has held that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). No one has argued that the public lewdness statute involves First Amendment freedoms. The appellant's acts in this case are similar to those which have previously been found to violate the public lewdness statute. *See Resnick v. State,* 574 S.W.2d 558, 560 (Tex.Crim.App.1978) (defendant violated public lewdness statute when he placed his hand on portion of another person's trousers which covered that person's genitals). Sections 21.07 and 21.01 of the penal code are not vague in their application to appellant's conduct in this case. Appellant's first point of error is overruled.

In her second point of error appellant contends that the evidence is insufficient to show that appellant possessed the intent to arouse or gratify her own sexual desire as alleged in the information. Intent to arouse or gratify sexual desire may be inferred from the surrounding circumstances. *See McKenzie v. State,* 617 S.W.2d 211, 213 (Tex.Crim.App.1981). The evidence at trial showed that appellant and her dance partner were fondling each other. Appellant's rubbing of her male partner's genital's was "pretty continuous there for a couple of minutes." Appellant smiled while this was happening. The facts of the case permit the inference that appellant possessed the requisite intent to arouse or gratify her own sexual desire.

After a review of the record before us, viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to allow a rational trier of fact to find the element of intent beyond a reasonable doubt. *See Jackson v. State,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984). Appellant's second point of error is overruled.

The judgment is affirmed.

J. CURTISS BROWN, Chief Justice, dissenting.

I respectfully dissent.

The majority, I believe has failed to state a few facts. Nine vice officers met at a mexican food restaurant in order to discuss their raid of a Houston night club. Once at the bar, the nine officers apparently all paid the $10.00 cover charge. Apparently, in order to retain their cover they engaged in drinking and dancing. At least three officers then observed appellant rubbing the genitals of her partner through his trousers.

The majority cites *McKenzie v. State,* 617 S.W.2d 211 (Tex.Crim.App.1981) for the proposition that the intent to arouse or gratify sexual desire may be inferred from the surrounding circumstances. In *McKenzie* the defendant approached two girls and asked them to help look for his dog. The defendant pulled down the pants of one of the girls and touched her genitalia. The court, however, refused to only rely on this act alone. Intent was inferred by his actions of attempting to get one of the girls alone, his explanation to a third party of what he was doing in an apartment complex, and his parting comment that he would see the girl again. A course of conduct, therefore, over a period of time was established. The court in *McKenzie,* however, conceded the closeness of the factual issue. *Id.* at 215.

I believe that this is a much closer case. The indictment alleged that the rubbing was sexually gratifying to the appellant. The best evidence brought forth of appellant's sexual gratification was appellant's smiling during the action. Unlike *McKenzie,* no course of conduct exists to show intent. Smiling alone is inadequate to establish intent. Appellant may have been smiling for many reasons. This does not mean that in all cases a course of conduct would be necessary to support the infer-

ence of intent. In close cases, however, one ambiguous act would seem to be inadequate.

In addition, the majority ignores the danger of their holding. The majority gives a broad interpretation to sexual contact. Tex.Penal Code Ann. § 21.07 (Vernon 1974) states:

A person commits an offense if he knowingly engages in any of the following acts in a public place ... (1) an act of sexual intercourse; (2) an act of deviate sexual intercourse; (3) an act of sexual contact; and (4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or foul.

Tex.Penal Code Ann. § 21.01 (Vernon Supp.1986) defines sexual contact as "[a]ny touching of the anus, breasts or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." The purpose of prohibiting sexual contact appears to be a catch-all provision to protect the public from viewing unwanted sexual acts. The majority gives a broad interpretation to the statute. With such a broad interpretation, the statute is in danger of being unconstitutional because of vagueness.

A penal statute fails for vagueness if it defines the criminal offense without sufficient definiteness so that ordinary people can understand what conduct is prohibited and it encourages arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). The more important aspect of the vagueness doctrine is whether it encourages arbitrary and discriminatory enforcement. *Id.* at 357–58, 103 S.Ct. at 1858–59. The legislature must establish minimal guidelines to govern law enforcement. *Id.* In determining whether a statute is void for vagueness, the state courts interpretation of the statute is controlling. *See Wainwright v. Stone*, 414 U.S. 21, 22–23, 94 S.Ct. 190, 192–193, 38 L.Ed.2d 179 (1973). By interpreting a possible vague statute very narrowly, a state court can maintain the constitutionality of the statute.

The majority is increasing the scope of an already broad catch-all provision. The statute establishes very few guidelines initially. The majority expands upon this by requiring a very small showing of intent. Intent is probably the single most important factor in providing definiteness to public lewdness statutes. *See Screws v. United States*, 325 U.S. 91, 101–02, 65 S.Ct. 1031, 1035–36, 89 L.Ed. 1495 (1945) (Plurality opinion).

I believe that the court's interpretation causes the statute to be vague. As appellant has pointed out, under the majority's interpretation, a person could be convicted under the statute for touching the front of a man's shirt. Roger Staubach could be convicted if he happened to smile while taking the snap from the center. The interpretation of the majority can only lead to arbitrary enforcement.

In sum, the broad brush the majority has painted on the statute encourages discriminatory enforcement and further waste of the court's time and the taxpayer's money. I would reverse the decision of the trial court.