**Melissa Kay BYRUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–108–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 1, 1988.

Albert S. Low, Jr., Houston, for appellant.

Kathlyn Giannaula, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## MAJORITY OPINION

MURPHY, Justice.

Melissa Kay Byrum appeals her misdemeanor conviction for the offense of public lewdness by sexual contact. TEX.PENAL CODE ANN. §§ 21.07(a)(3) & 21.01(2) (Vernon 1974 & Supp.1988). She waived her right to a jury trial for this and a related offense. The trial court found appellant guilty in this cause and assessed her punishment at thirty days' punishment in the Harris County Jail, probated, and a $350 fine. Appellant raises five points of error. She questions the constitutionality of the statutes defining the offense and the sufficiency of the evidence. She further contends the trial court erred by admitting portions of the testimony of the State's

witness and by overruling her objections to the amended information. She also maintains that a fatal variance between the amended information and the complaint mandates a reversal of her conviction. We affirm.

Subsection (a) of the public lewdness statute, TEX.PENAL CODE ANN. § 21.07 (Vernon 1974), states that "[a] person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act[.]" Sexual contact, which Section 21.01(2) of the Penal Code defines as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person," is one of four acts Section 21.07(a)(3) proscribes.

In her first point of error the appellant contends Sections 21.07 and 21.01 are unconstitutionally "vague and/or overbroad" both facially and as applied. Such a combined attack on the validity of a statute requires that we address appellant's facial overbreadth challenge first. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

■ An overbroad statute sweeps too broadly by attempting to regulate constitutionally protected activity. *Id.; see Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917–2918, 37 L.Ed.2d 830 (1973). Although the appellant has never argued that the first amendment or other fundamental interest protected her conduct, the issue controlling her facial overbreadth challenge is whether Sections 21.-07(a)(3) and 21.01(2) substantially encompass protected activity. *Village of Hoffman Estates*, 455 U.S. at 494, 102 S.Ct. at 1191; *Broadrick*, 413 U.S. at 615, 93 S.Ct. at 2917–2918. We conclude they do not. The statutes forbid knowing, intentional conduct only, a factor which tends to weaken a facial overbreadth challenge. *Broadrick*, 413 U.S. at 615, 93 S.Ct. at 2917–2918. "Sexual contact," as defined by Section 21.-01(2), prohibits touching of body parts precisely defined by their anatomical names, if

the touching is done with the specific intent to arouse or gratify any person's sexual desire. The statutes further require that the touching be performed either publicly or recklessly, *i.e.*, without considering whether someone is present "who will be offended." This factor tends to show that the statutes do not substantially attempt to regulate otherwise protected private conduct. We conclude the statutes do not substantially reach constitutionally protected activity and reject appellant's facial overbreadth challenge.

■ *Village of Hoffman Estates* requires that we turn next to the appellant's facial vagueness challenge. 455 U.S. at 494–95, 102 S.Ct. at 1191–1192. Ordinarily, a facial challenge to the vagueness of a law will encompass all possible applications of the law. *Id.* However, a person who engages in conduct which the law proscribes cannot complain of the law's application to others. *Id.* at 495, 102 S.Ct. at 1191–1192; *United States v. Raines*, 362 U.S. 17, 19, 21, 80 S.Ct. 519, 521–522, 522–523, 4 L.Ed.2d 524 (1960). As our discussion of the sufficiency of the evidence indicates, appellant did violate Section 21.07(a)(3). Therefore, this court will address her facial vagueness challenges to Sections 21.-07(a)(3) and 21.01(2) only if the statute is impermissibly vague as applied to her conduct in the instant case. *Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987) (en banc), citing *Village of Hoffman Estates*, 455 U.S. at 494, 102 S.Ct. at 1191 and *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975); *Balash v. State*, 720 S.W.2d 878, 879 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). In *Balash*, which challenged the same statutes on a vague-as-applied basis, this court found no vagueness in the application of the statutes to the defendant's rubbing her male partner's genitals while dancing with him at a Houston nightclub. 720 S.W.2d at 879.

The facts show that the appellant was in a public place when she knowingly performed an act the statutes clearly proscribe, touching an undercover officer's genitals with the requisite specific intent.

Although Section 21.07 does not define "touching," its ordinary meaning implies perception of the actor's body contact through the sensation of feeling. *Resnick v. State*, 574 S.W.2d 558, 559 (Tex.Crim. App. [Panel Op.] 1978). Thus, the officer's wearing trousers would not prevent his sensing the touch of the appellant's naked buttocks and thighs. *See Balash*, 720 S.W. 2d at 879. *Accord, Guia v. State*, 723 S.W.2d 763, 766 (Tex.App.—Dallas 1986, no pet.) (clothing worn by victim would not preclude conviction for indecency with a child by sexual contact).

We further note that the statutes require a specific culpable mental state, a factor which tends to defeat a vagueness challenge. *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 35–36, 83 S.Ct. 594, 599–600, 9 L.Ed.2d 561 (1963); *Screws v. United States*, 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945). As we hold in our discussion of the sufficiency of the evidence, the State offered circumstantial proof that the appellant knowingly intended to arouse or gratify the undercover officer's sexual desire. The officer testified that appellant "knew exactly what she was rubbing at" and that it was his impression that she intentionally touched his genitals to arouse his sexual desire, thereby to receive more than $10.00 for the dance.

■ Because the statute clearly proscribes both the acts appellant committed and her knowing intent to arouse the undercover officer, we hold that Sections 21.-07(a)(3) and 21.01(2) are not unconstitutionally vague as applied to the facts of her case. Accordingly, we need not address her facial vagueness challenge. *Village of Hoffman Estates*, 455 U.S. at 495, 102 S.Ct. at 1191–1192; *Briggs*, 740 S.W.2d at 806. The first point of error is overruled.

In her second point of error the appellant argues there is insufficient evidence to sustain her conviction. This court reviews challenges to the sufficiency of the evidence in both jury and non-jury trials by reviewing the evidence in the light most favorable to the judgment or verdict to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984) (en banc). In a circumstantial evidence case, the circumstances must exclude every reasonable hypothesis except the guilt of the accused. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984) (en banc).

Officer Demetrios Lemonitsakis worked undercover with the Harris County Sheriff's Department's vice division. On July 31, 1987, he went to the Executive Suite, a Harris County club where the appellant worked as a "topless" dancer. Lemonitsakis testified that the club allowed its stage dancers to perform "table" dances for individual customers. The club required a minimum $10.00 fee for the dance but allowed patrons to pay more. A "table" dance is done for an individual customer at his table. The officer had previously visited the club on June 15 when he paid the appellant $10.00 to do a table dance for him. He was working undercover at the time.

The appellant approached the officer's table when he went to the club on July 31. She wore only a G–string. She recognized him from his June 15 visit and asked if she could perform a table dance for him. When he agreed she turned his swivel chair away from the table and then spread his legs apart. During the dance the appellant rubbed her bare thighs and buttocks against the officer's penis. Lemonitsakis testified that because the appellant could have danced two feet away from him and still earned the $10.00 he paid her, he inferred from "what she was doing to me" that the appellant knew she was touching his genitals and did so to encourage him to pay her more for the dance.

The appellant approached the officer, offered to dance for him, danced much closer to the officer than was necessary to earn the $10.00, and actually made contact with his genitals. Moreover, the record shows that she touched only his genitals, and therefore permits the inference that her conduct was purposeful, knowing and intentional. Appellant denied any intent to

arouse the officer. She also testified that customers who pay more get no special favors, that her only goal was to earn money, and that trying to arouse men would defeat that goal because the club would fine her if it observed her trying to arouse a customer. Her version of the facts does not preclude her conviction.

First, appellant's intent to make money would not preclude an intent to arouse the customer. Second, while the club's policy was to fine a dancer the first time she attempted to arouse a customer, the fine amounted to a mere $20.00 *if* the management observed the incident. Third, while the club's manager and public relations officer testified that he had never warned the appellant about her dancing, the record indicates he had worked at the club only three to four months at the time of this offense. In short, the circumstantial evidence in this case does not exclude the appellant's guilt. As the trier of fact, the trial court properly inferred that fear of a fine did not significantly deter the appellant, and properly resolved the appellant's and the officer's conflicting evidence concerning her actions and her intent. *Wright v. State*, 603 S.W.2d 838, 840 (Tex.Crim. App. [Panel Op.] 1980) (opinion on rehearing). *Accord*, Tex.Code Crim.Proc.Ann. art. 38.04 (Vernon 1979); *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986) (jury trial). *See also, Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.) (en banc), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984) (if any evidence establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, reversal based on sufficiency of the evidence is improper).

We hold there was sufficient direct and circumstantial evidence from which a rational trier of fact could have concluded beyond a reasonable doubt that the appellant touched the officer's genitals, that she knew she was touching his genitals, and that she did so to arouse his sexual desire. Appellant's second point of error is overruled.

■ In her third point of error the appellant claims the trial court erroneously overruled her objection to a portion of the undercover officer's testimony. She maintains she objected in a timely manner and that the testimony constituted an inadmissible opinion concerning her intent. We disagree with both contentions. The appellant complains of the entirety of the following testimony:

Q. (PROSECUTOR) Did Missy Byrum do anything to you to encourage you to pay more?

A. (OFFICER LEMONITSAKIS) Yes, sir. What she was doing to me was exactly—she encouraged me to pay more.

DEFENSE COUNSEL: Your Honor, I object to that. Calls for speculation on his part. He has no way of knowing.

PROSECUTOR: Your Honor, that's based on the witness's perception and experience as a vice officer.

THE COURT: If you will let this gentleman object and you can respond to it.

DEFENSE COUNSEL: Purely opinion on his part and not fact.

THE COURT: I believe based on the officer's experience and the fact that this is a Court trial we will allow his perception of the events to come into play at this time. Your objection is overruled.

Q. (PROSECUTOR): You can answer.

A. From my experience that's exactly what she was doing because all she had to do was dance two feet away and dance. That's all she had to do for the money that I was paying her.

Q. So, she was doing it with the *intent* to—

A. Yes, sir.

Q. —gratify your sexual desire?

A. Yes. Sir.

Q. And doing so would *encourage* you to tip her more?

A. Yes, sir (emphasis added).

While appellant maintains that the entirety of foregoing excerpt is improper opinion testimony concerning her intent, she objected only once and raised no objection to the prosecutor's last three questions. Accordingly, the last three questions present noth-

ing for review. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.1985).

Concerning the officer's initial response, we find no error in court's overruling the one objection appellant made. First, it appears that the appellant objects to the testimony simply because it concerns her intent, an ultimate fact in issue. TEX.R.CRIM.EVID. 704 renders that argument untenable. Second, as the court noted, it is permissible for a police officer to relate his perception of events he observes. *Smith v. State*, 683 S.W.2d 393, 404 (Tex.Crim.App.1984) (en banc); *accord*, TEX.R.CRIM.EVID. 702 (providing, in part, that an expert may testify to specialized knowledge if it will assist the trier of fact to determine a fact in issue). Third, if the court concluded the officer was testifying in this context as a lay witness, the testimony "she encouraged me to pay more" is rationally related to his perception of appellant's conduct and helpful to an understanding of the entirety of his testimony. TEX.R.CRIM.EVID. 701. Fourth, even if the foregoing excerpt contained inadmissible evidence, this court presumes that the trial court considered only the admissible portions in reaching its judgment. *Morgan v. State*, 692 S.W.2d 877, 879 (Tex.Crim.App.1985) (en banc). Fifth, by failing to object to the prosecutor's last two questions and the officer's three responses, all of which addressed her intent, appellant cured any error in admitting the officer's original response. *See Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984) (en banc). Appellant's third point of error is overruled.

In point of error four the appellant contends the trial court erred when it overruled her "Motion to Set Aside State's Amended Information and Objection to State's Motion for Leave to Amend Information" [hereinafter "the Motion/Objection"]. The amended information substituted the term "genitals" for "groin area" as the part of the undercover officer's body which the appellant rubbed with her buttocks and thighs.

Both the appellant and the State agree that the court granted the State's motion to amend the information on November 18, 1987. On the same day, the court reset the case for a December 3 trial. Although the appellant has not provided us with a statement of facts from the November 18 hearing, the case reset form reflects that appellant objected to the amendment on that date. *See* TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1988). Appellant reurged her objections to the amended information in the Motion/Objection the court heard during the pre-trial hearing on December 3, 1987. Although she initially claimed lack of notice, appellant abandoned that theory during the hearing. She focused instead on TEX.CODE CRIM.PROC.ANN. art. 28.10(c) (Vernon Supp.1988), as she does in her brief. She claims the trial court violated Article 28.10(c) because the amended information charges her with an offense while the original information did not.

The legislature amended Article 28.10 pursuant to TEX.CONST. art. V § 12(b) (1891, amended 1985). As amended, Article 28.-10(a) permits the State to amend either the form or substance of its charging instrument prior to trial provided the defendant has notice. Conversely, if the defendant objects, Article 28.10(c) forbids an amendment of form or substance in two instances: 1) the amended charging instrument alleges an "an additional or a different offense"; 2) the amended charging instrument prejudices the substantial rights of the accused. Appellant's sole contention is that the amended information falls within the first prohibition. We disagree.

Appellant's original information alleged that she engaged in an act of sexual contact by rubbing her buttocks and thighs against the groin area of the undercover officer. Since no Texas statute proscribes a sexual contact with a person's "groin area," the original information did not allege an offense. As the trial court correctly noted, while reforming a defective information into one which charged an offense clearly involves a matter of substance, the amended statute unambiguously permits changes in matters of both form and substance. In our opinion, Article 28.10(c)'s prohibition against adding an offense or

changing the offense does not apply to the instant case because the original information never alleged an offense. We overrule the fourth point of error.

 The controlling issue in this case is whether the amendment information prejudiced her substantial rights. Based on the record before us, we conclude it did not.

Because she sought to set aside the amended information, the appellant's Motion/Objection served the same purpose as a motion to quash. In deciding whether the trial court correctly overruled a motion to quash, the critical issue "whether a defendant had notice adequate to prepare a defense." *Opdahl v. State*, 705 S.W.2d 697, 699 (Tex.Crim.App.1986) (en banc), quoting *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986) (en banc). The "substantial right" the appellant invoked in her Motion/Objection was adequate notice of the charges against her from the face of the information. *See Adams*, 707 S.W.2d at 903. In the December 3 hearing, however, the appellant's attorney conceded the change in the State's allegations did not work a surprise because he knew "what the officer is basically going to testify to." Moreover, when the court ruled, also on December 3, that no prejudice to the appellant occurred as a result of the amendment, the court referred specifically to its prior November 12 hearing's "lengthy" discussions concerning the amended language. Appellant's failure to include a statement of facts from the earlier hearing precludes our concluding that the trial court worked a prejudice of the appellant's substantial rights on November 12. TEX.R.APP.P. 50(d). Based on the record before us, we hold that because the appellant conceded that the change in allegations caused her no surprise, the trial court properly ruled that the amended information did not prejudice her rights and properly overruled her objections to the amended information.

 In her fifth point of error the appellant claims that permitting the State to amend the information mandates a reversal of her conviction because the misdemeanor charging instrument no longer complied with the complaint, in violation of TEX.CODE CRIM.PROC.ANN. art. 21.22 (Vernon 1966). Article 21.22 does require that an informa-

tion rest on an affidavit "charging the defendant with an offense." Here the complaint alleged only that the appellant rubbed the officer's "groin area." Consequently, it did not charge an offense. Amended Article 28.10, since it permits amendments of either form or substance, clearly conflicts with Article 21.22 in this case. As the most recently enacted statute, Article 28.10 controls. TEX.GOV'T CODE ANN. § 311.025(a) (Vernon 1988). Appellant's fifth point of error is overruled.

We affirm the judgment of the trial court.

J. CURTISS BROWN, Chief Justice, dissenting.

I would sustain appellant's facial vagueness challenge. *See dissent, Balash v. State*, 720 S.W.2d 878, 879–880 (Tex.App.— Houston [14th Dist.] 1986, pet. ref'd.).

Furthermore, I reject the vice officer's pose as an innocent "victim." He was not present to gather evidence of violations of the public lewdness statute but to participate at tax payers expense in such activities. To blame the woman solely is sexist and out of date. It takes two to tango. The evidence is, therefore, insufficient to sustain a conviction.