COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 TRISHA
 UNDERWOOD,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00061-CR
  
 Appeal from the
  
 County Court at Law
  
 of Ector County, Texas
  
 (TC# 02-1655)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 




MEMORANDUM
OPINION

Trisha Underwood appeals her
conviction for public lewdness by sexual contact under Tex. Pen. Code Ann. ' 21.07 (Vernon 2003).  Among other points of error, she claims the
evidence was legally insufficient to prove that she acted with the intent to
arouse and gratify the sexual desire of undercover police officer J. Medrano.  Agreeing that the evidence is legally
insufficient, we reverse and render a judgment of acquittal.

Facts








On April 12, 2002, Trisha Underwood
was employed as a dancer at Playmates, an adult cabaret in Ector County,
Texas.  The State charged that on that
date, she engaged in lewd conduct by Aknowingly engag[ing] in an act of
sexual contact by touching the genitals of J. Medrano with the intent to arouse
and gratify the sexual desire of the J. Medrano in a public place . . . .@ 
Jordan Medrano of the Odessa Police Department was one of four officers
who took part in an undercover operation at Playmates.  Medrano testified that he was shocked,
stunned, and alarmed when Underwood touched his genital area with her legs.

The operation=s supervising officer, Jesse Duarte,
testified that over one and a half hours, he and his men consumed alcoholic
drinks, bought lap dances, and gave tips to waitresses to create the appearance
that they were typical customers.  Two
other officers also testified, but they, like Duarte, were unable to
corroborate Officer Medrano=s assertion that Underwood committed the alleged act.  Each testified that Medrano and Underwood
were within eyeshot, but not in their direct line of sight.

Medrano testified that he consumed
three or four beers but they did not impair his professional judgment.  At his request, Underwood performed a private
dance for him, for which he paid her $20. 
During the dance, he sat in an upholstered chair, which resembled a Acouch seat@ with his knees approximately
eighteen inches apart.  Underwood was
required to dance within this eighteen-inch space.  Medrano testified that during this private
dance, Underwood touched his genital area with her knee and thigh, and again
with her buttocks when she sat in his lap. 
He also testified that she got up on his thighs with her knees; when
questioned about having a woman=s full weight kneeling on his thighs, he agreed that is was
painful, but he withstood it Afor doing the operation.@








Medrano testified:

Q:  And obviously, my client, if she was going to
dance for you near you as a private dance, as you called it, had to dance
within your legs; is that correct?

 

A:  Yes, sir.

 

Q:  Kind of--you kind of forced that situation,
didn=t you?

 

A:  No, sir.

 

Q:  And you are saying her leg brushed your
genital area?

 

A:  Her legs touched my genital area, sir.

 

Q:  What part of her leg?

 

A:  Her knee and thigh.

 

Q:  Her knee and thigh?  And then she somehow--did she turn and show
her backside to you during the dance?

 

A:  Yes. 
She did.

 

Q:  And did she sit down in your lap?

 

A:  She sat down on my genital area, sir.

 

Q:  And is that what you are claiming is the
public--is the sexual contact is when her butt touched your genitals by her
sitting down?

 

A:  Her legs and butt, yes, sir.

 

The State presented no other evidence against Underwood
proving public lewdness.

No evidence of intent to arouse and
gratify








Underwood=s Point One urges the evidence was
insufficient as a matter of law to prove that she did knowingly engage in an
act of sexual contact, specifically that she intended her act to arouse or
gratify Medrano=s sexual desire.  The
elements set out in the information accused Underwood of Aknowingly engage in an act of sexual
contact by touching the genitals of J. Medrano with the intent to arouse and
gratify the sexual desire of the J. Medrano in a public place . . . .@ 
In this reviewing legal sufficiency point, we review all evidence in the
light most favorable to the verdict to decide whether a rational trier of fact
could have found the elements of the alleged offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Davila v. State,
930 S.W.2d 641, 644 (Tex. App.--El Paso 1996, pet. ref=d).

Here the evidence consisted of the
uncontroverted, but also uncorroborated, testimony of Officer Medrano.  Detective Medrano testified he was Ashocked,@ and Astunned and alarmed@ when Underwood=s thighs and knees touched his
genitals and she sat on his lap.  He
testified he Awithstood the pain@ when she balanced her knees on his
thighs.  None of this indicates arousal
or gratification.  We conclude Medrano=s testimony supplies no direct
evidence of arousal or gratification.

Nevertheless, intent to arouse or
gratify another=s sexual desire may be inferred from defendant=s conduct, remarks, and surrounding
circumstances.  McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. 1981); Balash v. State, 720 S.W.2d 878,
879  (Tex. App.--Houston [14th Dist.]
1986, pet. ref=d). 
Here, we find nothing from which the jury could infer that Underwood=s intent was arousal.  Point One is sustained.








Conclusion

For these reasons, we reverse Trisha
Underwood=s conviction and render a judgment of
acquittal.  We need not reach the
remainder of Underwood=s claims.

 

SUSAN
LARSEN, Justice

December 4, 2003

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)